Henry Howard **CHAMBLEE**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 26201.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1968.

S.Ct. 1602, 16 L.Ed.2d 694. The evidence of transportation of the automobile by appellant in interstate commerce and knowledge on his part that the automobile was stolen was ample.

Affirmed.

**Michael Allen LURIE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25735.**

United States Court of Appeals
Fifth Circuit.

Oct. 15, 1968.

Trammell F. Shi, Macon, Ga., for appellant.

Floyd Buford, U.S. Atty., Walker P. Johnson, Jr., Asst. U.S. Atty., Macon, Ga., for appellee.

Before BELL and MORGAN, Circuit Judges and GUINN, District Judge.

PER CURIAM:

■ Appellant was convicted of transporting a stolen automobile in interstate commerce. 18 U.S.C.A. section 2312. He complains of the failure of the court to suppress or exclude certain evidence obtained from him or from the automobile in question. The basis of the complaint is an illegal arrest or an illegal search by state officers or both. In our view there was adequate cause for the arrest and the searches were incident to the arrest. Nicholson v. United States, 5 Cir., 1966, 355 F.2d 80.

■ There is no merit in the additional contention of a Fifth Amendment violation within the teaching of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86